SIPE *v.* SIPE.

Complaint by *A.*, administratrix, against *B.* as executor of his own wrong, for intermeddling, &c., laying the acts on the 6th of *November.* Answer, 1. A general denial; 2. A denial, and averment of property in defendant; 3. Denial that he was executor, &c. Reply in denial. After the evidence had been heard and the argument began, the plaintiff was permitted to amend the complaint by striking out *November* and inserting *October.* The evidence showed that the deceased died on the 2d of *October*, and that the plaintiff obtained letters on the 30th of that month. The jury found specially that the defendant intermeddled at all times after the death of the decedent until the last of *November.*

*Held*, 1. That the time laid should bring the case within the statute of limitations, and that the evidence should, perhaps, show that the acts complained of preceded the grant of letters, &c.

2. That the amendment met the evidence, and did not change either claim or defense.

3. That the costs prior to the amendment were properly charged against the defendant.

Where only a general objection is taken to the ruling on instructions, and they are as favorable to the appellant as he has a right to ask, the objection will not be noticed.

APPEAL from the *Randolph* Court of Common Pleas.

HANNA, J.—*Mary Sipe*, as administratrix of the estate of her deceased husband, sued *John Sipe*, as executor of his own wrong, for intermeddling with the property of said decedent, averring in the complaint that such acts of intermeddling took place on the 6th day of *November*, 1856.

The defendant answered—

1. A general denial.

2. A denial, and averring that the property was the property of the defendant.

3. A denial that he was executor of his own wrong, as charged.

Reply, in denial.

Trial; verdict for the plaintiff; and also answers to interrogatories propounded. Motion for a new trial overruled, and judgment for the amount of the verdict, and 10 per cent. damages. The evidence is in the record.

After the evidence had been heard, and the argument to the jury had begun, on the plaintiff's motion she was per-

May Term,
1860.

Sipe
v.
Sipe.

mitted to strike out the word *November*, and insert in its stead the word *October*, in the complaint.

This is the first error complained of. The evidence showed that the deceased died on the 2d of *October*, 1856, and that the plaintiff obtained letters, &c., on the 30th of the same month. The date of the intermeddling, as originally charged, was on the 6th of the next month—by the amendment, it was placed a month earlier.

It is insisted that the evidence should have been confined to the time charged, and as that was after the grant of administration, that a case against the defendant, in the character in which he was sued, could not have been sustained upon the original complaint; and that the amendment was a change of the issue, in substance, and ought not to have been permitted, &c.

This reasoning is not sound. The time laid in the complaint should bring the case within the statute of limitations, and the proof should, perhaps, show that the acts complained of preceded the grant of letters of administration.

There was a special interrogatory upon this point to the jury, who returned that the defendant "intermeddled with all the property at all times, after the death of *Henry Sipe*, until the last of *November*."

The amendment was, perhaps, immaterial. At most it was only such an one as met the evidence, and did not substantially change either the claim or defense. 2 R. S. p. 48, § 99. No new issue was thereby made or tendered. *Trees* v. *Eakin*, 9 Ind. R. 556.

Many instructions were given to the jury, some asked were refused, and others modified. The defendant does not point out any other than a general objection upon this point; and as the instructions, all taken together, are fully as favorable as he had a right to ask, we will not further notice them.

The next point made, is upon the refusal of the Court to tax the cost made prior to the amendment, against the appellee. If the view we have already taken of that amendment is correct, there was no error in that ruling.

It is insisted that a new trial should have been granted; that the evidence did not sustain the verdict upon two points; first, as to the intermeddling after the death and before administration; and second, if it did, the amount found is too large. Both these questions were, as to defendant, fairly put to the jury, together with the last one raised, namely, that if the defendant took possession of the property, under a claim of title, he was not liable in this suit. The jury passed upon these questions, and, as there was evidence tending to sustain the verdict, we cannot disturb it.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. Brown* and *W. A. Peelle*, for the appellant.

*T. M. Browne*, *S. Colgrove*, and *J. J. Cheney*, for the appellee.